UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY L. MILLER, | : | CIVIL NO: 1:11-CV-01954 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| ATLANTIC FREIGHT SYSTEMS, INC., *et al.,* | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

This is an action to collect on a judgment brought by plaintiff, Ashley L. Miller, against six defendants seeking damages and other relief stemming from plaintiff's automobile accident with defendant John A. Miller and the $145,000 judgment she obtained in the United States District Court for the Western District of Virginia. While the plaintiff provides no specific dates for the major events in the history of the litigation, it appears that the litigation resulting from the accident has been ongoing since sometime in the 1990s. In this present matter, four of the six defendants have filed a motion for a more definite statement seeking basic details about the auto accident. We conclude that the defendants should be

provided with those basic details in a second amended complaint, and thus recommend that the motion for a more definite statement be granted.

## II. **Background and Procedural History**.

In May of 2009, Miller began this action in the United States District Court for the District of New Jersey. The complaint named the following entities and individuals as defendants: Atlantic Central Logistics, Inc.; Atlantic Pacific Logistics Network, Inc.; Atlantic Transportation Consultants; ATPAC Logistics, Inc.; Westchester Putnam; Central Jersey Freight; Thomas Bartley; John A. Miller; and Atlantic Freight Systems, Inc., identified as a New Jersey Corporation with its principal place of business in Elizabeth, New Jersey.

In her May 2009 complaint, Miller alleged that she suffered significant personal injuries when she was struck by a motor vehicle driven by John A. Miller and operated by a motor carrier known as Atlantic Freight Systems, Inc. She alleged that the United States District Court for the Western District of Virginia entered judgment in her favor and against Atlantic Freight Systems, Inc. and John A. Miller in the amount of $145,000 plus interest. She further alleged that thereafter in an effort to avoid the judgment, Atlantic Freight Systems, Inc. and John A. Miller left that jurisdiction and began a campaign of concealing and

2

fraudulently transferring assets of Atlantic Freight Systems, Inc. According to Miller, Atlantic Freight Systems, Inc. no longer operates under its own name and no longer holds assets in its own name, but rather all of the corporate entities functionally operate as a single entity and each is liable for the debts of the others. On the basis of these averments, she brought claims of successor liability, as well as claims to pierce the corporate veil, for fraudulent conveyance, for conversion of assets, for unjust enrichment, and for a constructive trust.

On August 25, 2011, Miller dismissed all claims against Atlantic Central Logistics, Inc., Atlantic Pacific Logistics Network, Inc., Atlantic Transportation Consultants, ATPAC Logistics, Inc., Westchester Putnam, Central Jersey Freight, Thomas Bartley, and Atlantic Freight Systems, Inc. located in Elizabeth, New Jersey, after discovery revealed that they were not proper defendants. *See Doc. 23*. On October 3, 2011, Magistrate Judge Mark Falk of the United States District Court for the District of New Jersey transferred the case to this court.

Thereafter, on June 19, 2012, Miller filed an amended complaint alleging essentially the same facts as she had alleged in the original complaint. The principal difference between the complaint and the amended complaint is the defendants. In the amended complaint, Miller names the following entities and individuals as defendants: Atlantic Freight Systems, Inc., identified as a company

3

operating under the laws of the Commonwealth of Pennsylvania with its principal place of business in New Cumberland, Pennsylvania; Pennco Trucking Inc.; Pennco Brokerage; Harry Grossman; Susan Grossman; and John A. Miller. With the exception of John A. Miller, the defendants named in the amended complaint are different from the defendants named in the original complaint. While both the complaint and amended complaint name Atlantic Freight Systems, Inc. as a defendant, the original complaint identified that entity as a New Jersey Corporation with its principal place of business in Elizabeth, New Jersey, whereas the amended complaint identifies that entity as a company operating under the laws of the Commonwealth of Pennsylvania with its principal place of business in New Cumberland, Pennsylvania.

As to the new defendants named in the amended complaint, Miller alleges that at the time the judgment was entered, Atlantic Freight Systems operated depots in Etters, Pennsylvania and Camp Hill, Pennsylvania, and it operated its main business from a facility in New Cumberland, Pennsylvania. She also alleges that Pennco Trucking, Inc. is a trucking company that operated under the name Atlantic Freight Systems on the Eastern Coast, that Pennco Brokerage is a trucking brokerage business using the assets of Pennco Trucking, Inc. and Atlantic Freight Systems, Inc. to operate its business, and that Pennco Brokerage directed

4

the trucking business of Pennco Trucking, Inc. and Atlantic Freight Systems, Inc. She further alleges that Harry and Susan Grossman are officers of Atlantic Freight Systems, Pennco Trucking, Inc. and Pennco Brokerage, and the Grossmans essentially ran the businesses as sole proprietorships. According to Miller, all of the defendants operate the same business, trucks, and personnel from their facilities and each company is an alter ego of Harry and Susan Grossman. She alleges that although at the time of the accident the Grossmans "purchased insurance to cover their trucking fleet representing that trucks were garaged in New Jersey[,] [n]one of their trucks were ever garaged in New Jersey and the applicable insurance was cancelled." She further claims that the Grossmans did not properly register, regulate, and operate their business entities and that the actions that caused her injuries were ordered, directed, and controlled by the Grossmans.

Miller brings claims of successor liability, as well as claims to pierce the corporate veil, for fraudulent conveyance, for conversion of assets, for unjust enrichment, and for a constructive trust. She also brings a claim titled "Transfer of Judgment" in which she seeks judgment against John A. Miller and Atlantic Freight Systems, Inc., the business entity that operated out of New Cumberland, Pennsylvania, but not against the other businesses incorporated in New Jersey.

On October 30, 2012, defendants Atlantic Freight Systems, Inc., Pennco Trucking, Inc., Harry Grossman, and Susy A. Grossman filed a motion for a more definite statement and a brief in support of that motion.[1] Miller filed a brief in opposition. Chief Judge Kane then referred the motion for a more definite statement to the undersigned for preparation of a Report and Recommendation.

**III. Discussion**.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Rule requires that the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." A motion for a more definite statement will generally be granted "only if

---

[1] After the Clerk advised them that their brief should be redocketed as a separate document, on November 6, 2012, the moving defendants filed another copy of their motion for a more definite statement and a separate brief in support. Defendants John A. Miller and Pennco Brokerage have not entered an appearance in this case. It does not appear that they have been served.

a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Synagro–WWT, Inc. v. Rush Township,* 204 F.Supp.2d 827, 849 (M.D.Pa. 2002) (quoting *SEC v. Saltzman,* 127 F.Supp.2d 660, 668 (E.D.Pa. 2000)). The United States Court of Appeals for the Third Circuit has, however, highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense. *Thomas v. Independence Tp.,* 463 F.3d 285, 301 (3d Cir. 2006). In that circumstance, "the Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." *Id.* "The decision to grant a motion for a more definite statement is committed to the discretion of the district court." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).

In this case, the moving defendants contend that they are unable to file a responsive pleading due to the ambiguity and vagueness of the amended complaint. Specifically, they request that Miller file a second amended complaint identifying the following: the date and location of the accident; the vehicle alleged to have been driven by John A. Miller; and the registered owner of that vehicle. Although the underlying accident is not the focus of this case, the moving

7

defendants are seeking only the most basic details of the accident. While, as Miller argues, such details can be obtained in discovery, given the numerous entities that have been named as defendants during the long course of this case and the fact that there appears to be more than one corporate entity named Atlantic Freight Systems, Inc., we think the defendants are entitled to such details in the pleadings. Thus, we will recommend that the motion for a more definite statement be granted.

## IV. **Recommendations.**

Accordingly, for the foregoing reasons, it is recommended that defendants' motion (docs. 41 & 42) for a more definite statement be granted and that Miller be ordered to file a second amended complaint containing the details requested by the defendants, i.e., the date and location of the accident, the vehicle alleged to have been driven by John A. Miller, and the registered owner of that vehicle.[2]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

---

[2] We note that the second amended complaint must be a new pleading which stands by itself as an adequate complaint without reference to the any other pleadings already filed. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa. 1992).

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of January, 2013.

> S/*Susan E. Schwab*
> Susan E. Schwab
> United States Magistrate Judge