IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY L. MILLER, | : | |
|     Plaintiff | : | |
| | : | No. 1:11-cv-1954 |
| v. | : | |
| | : | (Chief Judge Kane) |
| ATLANTIC FREIGHT | : | |
| SYSTEMS, et al., | : | (Magistrate Judge Schwab) |
|     Defendants | : | |

## MEMORANDUM ORDER

Before the Court is Magistrate Judge Schwab's Report and Recommendation, recommending that the Court grant Defendants Atlantic Freight Systems, Pennco Trucking, Harry Grossman, and Susy A. Grossman's motion for a more definite statement. (Doc. No. 46.) For the reasons that follow, the Court will adopt Magistrate Judge Schwab's Report and Recommendation in its entirety, and grant the motion.

## I.  BACKGROUND

Plaintiff originally filed this action in the United States District Court for the District of New Jersey in May 2009. In her initial complaint, Plaintiff alleged that she suffered significant personal injuries when she was struck by a motor vehicle driven by John A. Miller and operated by a motor carrier known as Atlantic Freight Systems. (Doc. No. 1.) Plaintiff claimed that the United States District Court for the Western District of Virginia had entered judgment in her favor in the amount of $145,000 plus interest, but that Atlantic Freight Systems and John A. Miller fled the jurisdiction in order to evade collection on the judgment. (Id. ¶¶ 15-16.)

After Plaintiff voluntarily dismissed without prejudice all of the defendants listed in her original complaint except John A. Miller (Doc. No. 23), she filed an amended complaint

bringing claims of successor liability, as well as claims seeking to pierce the corporate veil, for fraudulent conveyance, for conversion of assets, for unjust enrichment, and for a constructive trust against the following defendants: John A. Miller, Atlantic Freight Systems, Pennco Trucking, Pennco Brokerage, Harry Grossman, and Susy A. Grossman (Doc. No. 40 ¶¶ 30-62). Plaintiff also seeks to transfer her judgment against Defendants Atlantic Freight Systems and John A. Miller to this jurisdiction. (Id. ¶¶ 63-66.)

On October 30, 2012, Defendants Atlantic Freight Systems, Pennco Trucking, Harry Grossman, and Susy A. Grossman moved for a more definite statement of Plaintiff's complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. No. 41.) Magistrate Judge Schwab issued a Report and Recommendation recommending that Defendants' motion for a more definite statement be granted. (Doc. No. 46.) More specifically, Magistrate Judge Schwab recommended that Plaintiff should be directed to file a second amended complaint identifying the date and location of the accident supporting the $145,000 judgment in her favor; the vehicle alleged to have been driven by Defendant John A. Miller in the accident; and the registered owner of the vehicle alleged to have been driven by Defendant John A. Miller in the accident. (Id. at 7-8.) Plaintiff timely filed objections.[1] (Doc. No. 47.)

**II.    LEGAL STANDARD**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In deciding whether to accept, reject, or modify any part of the magistrate judge's disposition, the Court must make a de novo determination of the portions to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although motions for a more definite statement are generally disfavored, they should be granted if a pleading is "unintelligible" or "virtually impossible for the opposing party to craft a responsive pleading." Morris v. Kesserling, No. 09-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010.) In that situation, the Rule 12(e) motion for a more definite statement is "perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." Thomas v. Indep. Tp., 463 F.3d 285, 301 (3d Cir. 2006). The decision to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court. Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003).

## III. DISCUSSION

On February 15, 2013, Plaintiff filed objections to Magistrate Judge Schwab's recommendation that the Court grant Defendants' motion for a more definite statement and order Plaintiff to file a second amended complaint. (Doc. No. 47.) Plaintiff argues that her amended complaint is sufficiently clear to allow Defendants to answer the complaint. (Id. ¶ 11.) The Court will address Plaintiff's objection to Magistrate Judge Schwab's report, conducting a de novo review of the portion of the Report and Recommendation to which objection is made.

Having conducted a de novo review of the parties' briefs, the Court will adopt Magistrate Judge Schwab's well-reasoned Report and Recommendation in its entirety. Defendants request that Plaintiff provide details of the accident giving rise to the judgment on which Plaintiff is trying to collect. (Doc. No. 43 at 3.) Although Plaintiff correctly submits that the underlying accident does not affect the validity of the judgment allegedly entered against Defendants

3

Atlantic Freight Systems and John A. Miller in the Western District of Virginia (Doc. No. 47 ¶ 13), Defendants only seek information concerning the most basic details of the accident. Accordingly, although the information sought by Defendants could be obtained in discovery, the Court finds that Defendants are entitled to the basic details they seek at the pleadings stage. Magistrate Judge Schwab correctly found that Defendants' motion for a more definite statement should be granted, and thus the Court will adopt her Report and Recommendation in its entirety.

**ACCORDINGLY**, on this 27th day of March 2013, for the above-stated reasons, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Schwab's Report and Recommendation (Doc. No. 46) is **ADOPTED**.

2. Plaintiff's objections (Doc. No. 47) are **OVERRULED**.

3. Defendants' motion for a more definite statement (Doc. Nos. 41, 42) is **GRANTED**.

4. Plaintiff is directed to file a second amended complaint within twenty-one days of the date of this order containing: (1) the date and location of the accident giving rise to the judgment on which Plaintiff is trying to collect; (2) the vehicle alleged to have been driven by John A. Miller in the accident; and (3) the registered owner of the vehicle alleged to have been driven by John A. Miller in the accident.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania